**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

CHRISTINE M. BARRY, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

ALLY FINANCIAL, INC.,

    Defendant.

Case No.  2:20-cv-12378

## CLASS ACTION COMPLAINT

**NOW COMES** CHRISTINE M. BARRY, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of Defendant, ALLY FINANCIAL, INC., as follows:

## NATURE OF THE ACTION

1.    This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.    "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5.      CHRISTINE M. BARRY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      ALLY FINANCIAL, INC. ("Defendant") is a corporation organized and existing under the laws of Delaware.

8.      Defendant maintains its headquarters and principal place of business in Detroit, Michigan.

9.      Defendant is a prominent banking institution that provides consumers with various banking services, including mortgage and car loan financing.

10.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2304.

12.     At all times relevant, Plaintiff's number ending in 2304 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14.     At no time did Plaintiff have an account or any other form of business relationship with Defendant.

15.     In February 2020, Plaintiff received a phone call from Defendant.

16.     Upon answering the call, Plaintiff was greeted by a lengthy pause (approximately three seconds), and was required to say "hello" numerous times prior to being connected to a live representative.

17.     Upon speaking with a live agent, Defendant requested to speak with Joseph Barry, Plaintiff's brother, who has a car loan financed by Defendant.

18.     Plaintiff informed Defendant that she was not Joseph and that Joseph is not available.

19.     Annoyed by the phone call for her brother, Plaintiff requested that Defendant cease placing calls to her cellular phone.

20.     Despite Plaintiff's unambiguous request that Defendant cease its calls, Defendant continued placing phone calls to Plaintiff in an effort to contact her brother.

21.     Specifically, Defendant placed calls to Plaintiff's cellular phone on at least four occasions after Plaintiff requested that the calls cease, including calls on March 12, 2020, March 16, 2020, March 18, 2020, and March 23, 2020.

23.     Defendant placed the phone calls to Plaintiff's cellular phone from various phone numbers, including (904) 886-5291 and (904) 886-5295

24.     Plaintiff never provided her phone number to Defendant or otherwise consented to receiving calls form Defendant.

25.     Upon information and belief, Defendant's phone calls were part of Defendant's scheme to collect delinquent car loans from borrowers. Specifically, Defendant's scheme is to place phone calls to borrowers' relatives and acquaintances in an effort to pressure the borrowers to make payment on their loans to avoid the embarrassment of being perceived as "deadbeats" by the borrowers' relatives and acquaintances.

## DAMAGES

26.     Plaintiff significantly values her privacy and solitude.

27.     In light of the fact that Plaintiff has no business relationship with Defendant, Defendant's phone calls were highly intrusive and were a nuisance.

28.     Moreover, Defendant's phone calls were especially troubling considering they continued after Plaintiff requested that the calls cease.

29.     Defendant's phone calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone while Plaintiff's cellular phone was ringing, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

30.     Concerned with Defendant's abusive collection practices, Defendant retained counsel to compel Defendant to cease its unlawful conduct.

## CLASS ALLEGATIONS

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons residing in the United States: (a) whom do not have an existing account with Defendant; (b) to whom Defendant or a third party acting on Defendant's behalf, placed a phone call to his/her cellular phone; (c) in connection with a

delinquent car loan that is not owed by him/her; (d) using an automatic telephone dialing system; (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

33.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.     Numerosity

34.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

36.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B.     Commonality and Predominance

38.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

40.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

41.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the TCPA Class)

48.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     The TCPA prohibits phone calls to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

50.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

51.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

52.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

53.     Defendant violated the TCPA by placing multiple phone calls to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent. *See* 47 U.S.C. § 227 (b)(1)(A)(iii).

54.     As pled above, Plaintiff does not have an existing business relationship with Defendant, and thus never consented to receive any calls from Defendant.

55.     As pled above, Plaintiff was harmed by Defendant's calls to her cellular phone.

56.     Upon information and belief, Defendant does not have policies and procedures to ensure compliance with the TCPA.

57.   As pled above, Defendant's phone calls were deliberately placed to non-borrowers in an attempt to compel payment on a delinquent car loan owed by an acquaintance or relative of the non-borrower.

58.   Accordingly, it is clear that Defendant knew it did not have consent to place such calls, but did so in utter disregard of the TCPA.

59.   Upon information and belief, Defendant knew its phone calls to non-borrowers such as Plaintiff were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A.   an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.   an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.   an order enjoining Defendant from placing further violating calls to non-borrowers;

D.   an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 31, 2020                           Respectfully submitted,

**CHRISTINE M. BARRY**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com