UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE M. BARRY individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

ALLY FINANCIAL, INC.,

        Defendant,

_____/

Case No. 20-12378

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER GRANTING DEFENDANT ALLY FINANCIAL,
INC.'S MOTION TO STAY (ECF NO. 13)</u>**

This is a putative national class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Now before the Court is Defendant Ally Financial Inc.'s Motion to Stay, which asks the Court to stay proceedings in this case pending a ruling by the United States Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511. (ECF No. 13.) Defendant's motion is fully briefed. The Court does not believe oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court GRANTS Defendant's motion.

1

## I. BACKGROUND

### A. Factual Background

On August 31, 2020, Plaintiff Christine M. Barry filed this putative national Class Action Complaint alleging, on behalf of herself and others similarly situated, that Defendant Ally Financial Inc., "a prominent banking institution that provides consumers with various banking services, including mortgage and car loan financing," violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), by placing calls to cell phone numbers belonging to non-customers of Defendant, using an Automatic Telephone Dialing System ("ATDS"), without the consent of the recipient, in attempt to collect a debt. (ECF No. 1, Complaint ¶¶ 9, 32, 51, PgID 2, 4-5, 7.)

The TCPA prohibits, in part, calling a cellular telephone with an ATDS without the called party's consent. *See* 47 U.S.C. § 227. The TCPA defines an ATDS as:

> ... equipment which has the capacity –
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

*Id.* § 227(a)(1).

2

Individually, Plaintiff alleges that Defendant called her cell phone, without her consent, using an ATDS, in an attempt to reach her brother, who has an account with Defendant. (*Id.* ¶¶ 15, 53-54, PgID 2, 7.) Plaintiff alleges that upon answering the phone calls, she was greeted by a lengthy pause before being connected to a live representative, who then requested to speak with Joseph Barry, Plaintiff's brother. (*Id.* ¶¶ 16-17, PgID 3.) Plaintiff informed the caller that she was not her brother and asked Defendant to cease calling her cell phone. (*Id.* ¶¶ 18-19, PgID 3.) Defendant nevertheless continued to call Plaintiff at least four more times in an effort to reach her brother. (*Id.* ¶¶ 20-23, PgID 3.)

Plaintiff alleges that "based on the lack of prompt human response during the phone calls in which [she] answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone numbers." (*Id.* ¶ 51, PgID 7.) Plaintiff claims that "the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone." (*Id.* ¶ 52, PgID 7). Plaintiff pleads that:

> Upon information and belief, Defendant's phone calls were part of Defendant's scheme to collect delinquent car loans from borrowers. Specifically, Defendant's scheme is to place phone calls to borrowers' relatives and acquaintances in an effort to pressure the borrowers to make payment on their loans to avoid the embarrassment of being perceived as "deadbeats" by the borrowers' relatives and acquaintances.

3


(*Id.* ¶ 25, PgID 3.)

Plaintiff's Complaint asserts one claim for violation of the TCPA, on behalf of Plaintiff and the Members of the TCPA Class, and seeks injunctive and monetary relief. (*Id.* Count I, PgID 7-8.)

### B.   *Facebook, Inc. v. Duguid*, No. 19-511

Prior to filing Plaintiffs' Complaint in this action, on July 9, 2020, the United States Supreme Court granted *certiorari* in *Facebook, Inc. v. Duguid*, No. 19-511, on appeal from the Ninth Circuit, to resolve a Circuit split on the issue of:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Facebook*, No. 19-511, Order (July 9, 2020).

There is a circuit split regarding what constitutes an ATDS. The Third, Seventh and Eleventh Circuits take a narrow view of the definition of ATDS, giving credence to a strict grammatical reading of the statute and concluding that an ATDS must include random or sequential number generations. *See Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018).

The Second and Ninth Circuits have applied a broader definition, finding that systems, generally referred to as predictive dialers, that call from a stored list of numbers are sufficiently automatic to be considered an ATDS under the TCPA. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020). On July 29, 2020, the Sixth Circuit issued an opinion agreeing with the Second and Ninth Circuits, holding that the TCPA's statutory definition of an ATDS includes telephone equipment that can automatically dial phone numbers stored in a list. *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 580 (6th Cir. 2020), *pet. for cert. filed,* No. 20-723 (Nov. 25, 2020).

The Supreme Court is poised to resolve this circuit split, hearing oral arguments in *Facebook* on December 8, 2020. *Facebook*, No. 19-511 (Dec. 8, 2020). Unless and until the Supreme Court rules otherwise, this Court is bound by the Sixth Circuit's current interpretation of the TCPA. *See Allan, supra*.

  **C.**  **Defendant's Motion to Stay**

On December 28, 2020, Defendant filed a Motion to Stay all proceedings in this matter pending the Supreme Court's decision in *Facebook*. (ECF No. 13, Def.'s Mot.) Defendant contends that the Supreme Court's decision in *Facebook* is likely to be dispositive of Plaintiff's claim in this case, or at a minimum, would substantially streamline the litigation. Defendant further argues that a stay would

serve the interests of judicial economy, pose no threat to the public welfare, and is in the best interests of the parties. Finally, Defendant cites to grants of stay by a number of courts throughout the country pending the Supreme Court's decision in *Facebook*.

Plaintiff filed a response in opposition to Defendant's motion on January 25, 2021. (ECF No. 17, Pl.'s Resp.) Plaintiff contends that Defendant has failed to show that the Supreme Court's decision *Facebook* will have an impact on this case because Defendant has not shown that the dialing system used to place calls to Plaintiff does not have the *capacity* to store or produce numbers using a random or sequential number. Plaintiff further argues that a stay would be highly prejudicial to her.

In Defendant's February 12, 2021 reply brief, Defendant argues that any telephone call Plaintiff received from Defendant was not the result of random or sequential number generation, and thus the Supreme Court's decision in *Facebook* will be dispositive of the sole claim at issue in this case. (ECF No. 20, Def.'s Reply.) Defendant further argues that Plaintiff will not be prejudiced because Defendant is not seeking an "indefinite stay."

On February 24, 2021, Defendant filed a Notice of Supplemental Authority in Support of Motion to Stay, directing the Court's attention to a recently entered order in *Johnson v. Harris & Harris, LTD*, Case no. 20-cv-1261 (D.D.C. Feb. 22, 2021),

6

which granted a motion to stay proceedings pending the Supreme Court's decision in *Facebook*. (ECF No. 21, Def.'s Notice.)

The parties have submitted a Joint Discovery Plan to the Court (ECF No. 12), but no Scheduling Order has been entered by the Court and, according to Defendant's motion, neither party has served discovery.

## II.   STANDARD

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is ... clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Where "the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (citation omitted).

### III. ANALYSIS

**A.     Whether the Supreme Court's Decision in *Facebook* Will be Dispositive of a Threshold Issue in This Case**

Plaintiff's sole claim in this case is that Defendant violated the TCPA's prohibition on "using any [ATDS]" to call or text "any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A). (Compl., Count I, PgID 7-8.) She bases her claim on phone calls she received that were unsolicited but nonetheless directed to her, on behalf of her brother. (*Id.* ¶¶ 15-24, PgID 2-3.) Plaintiff alleges that Defendant used an ATDS based on "the lack of prompt human response during the phone calls" and a "lengthy pause after the called party speaks." (*Id.* ¶¶ 51-52, PgID 7.) Plaintiff does not allege that Defendant used a random or sequential number generator. Because the calls were directed to Plaintiff specifically and purposefully, related to her brother's account with Defendant, the Court can only conclude that the technology that called her used a stored list containing the names and numbers of persons to be contacted; had the technology generated Plaintiff's number at random or in sequence, it would have no way of knowing that it was contacting someone associated with an account holder.

In *Facebook, Inc. v. Duguid*, the Supreme Court is addressing the specific issue of "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does

8

not 'us[e] a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, No. 19-511, 2019 WL 5390116, at *ii (Oct. 17, 2019) (petitioning Supreme Court); *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, 141 S. Ct. 193 (July 9, 2020) (granting petition for certiorari limited to Question 2). If the Supreme Court adopts the position of the Third, Seventh and Eleventh Circuits (and thus rejects the Second, Sixth and Ninth Circuits position), and establishes that a prohibited ATDS must use a random or sequential number generator, it seems unlikely that Plaintiff's TCPA claim would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Because the impending decision in *Facebook* will impact the threshold issue in the sole claim this case, this factor weighs in favor of granting a stay.[1]

### B.     Consideration of Interests of Judicial Economy, Risk to the Pubic Welfare, and Interest of the Parties

Considering the remaining factors – judicial economy, risk to the public welfare, and interests of the parties – the Court finds that a stay in this matter benefits

---

[1] Plaintiff's reliance on *Pittenger v. First National Bank of Omaha*, No. 20-CV-10606, 2020 WL 5596162 (E.D. Mich. Sept. 18, 2020) (Steeh, J.) is unpersuasive. In *Pittenger*, which was decided before oral argument in *Facebook* was even scheduled, the court denied a stay, noting that the discovery plaintiff sought was relevant to his other claims, which did not rely on the definition of an ATDS, and thus the Supreme Court's ruling in *Facebook* would not be dispositive of all issues in the case. *Id.* at *3. In this case, there are no other claims.

all involved. *See Caspar*, 77 F. Supp. 3d at 644 (the court should weigh "the potential dispositive effect of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment").

The Supreme Court in *Facebook* will clarify the core legal issue in this case – the definition of ATDS – and this Court has an interest in avoiding the unnecessary expenditure of judicial resources to set a schedule for discovery and manage any discovery disputes and motions practice while that central issue is being decided. *See Wilson v. Rater8, LLC,* No. 20-CV-1515, 2021 WL 347306, at *2 (S.D. Cal. Feb. 2, 2021) ("Allowing this case to proceed pending a decision in [*Facebook*] could be wasteful and result in duplicative proceedings."); *Canady v. Bridgecrest Acceptance Corp.*, No. 19-cv-04738, 2020 WL 5249263, at *3 (D. Ariz. Sept. 3, 2020) (concluding that issuing a stay pending the Supreme Court's decision in *Facebook* furthers the interest of judicial economy by "avoid[ing] exhausting judicial resources to decide things ... which may prove fruitless."). And there is no apparent harm to the public welfare by staying this matter for a short period of time.

Plaintiff primarily argues that "[t]he indefinite stay sought by Defendant is highly prejudicial to Plaintiff." (Pl.'s Resp. at p. 8, PgID 78.) However, the stay sought in this motion is both definite and limited in duration. The Supreme Court has already heard oral arguments and a decision is likely this Term, which ends in

June 2021. *See Berrow v. Navient Sols. LLC*, No. 20-01342, 2020 WL 8267706, at *2 (D. Ariz. Dec. 17, 2020) (noting that "oral argument was held at the Supreme Court in *Duguid* on December 8, 2020, staying the case until a decision is issued from the Supreme Court will not cause prejudice to Plaintiff's case because he will likely only need to wait, at most, a few months to begin discovery. This short delay is not substantial enough to cause a hardship of Plaintiff's prosecution of this matter, as his evidence is unlikely to disappear in this short amount of time."); *Van Elzen v. Glob. Strategy Grp., LLC*, No. 20-CV-3541, 2021 WL 185328, at *4 (S.D.N.Y. Jan. 19, 2021) (holding that the stay is warranted because "[t]he Supreme Court has already held oral argument in *Facebook v. Duguid*, and the only harm that Plaintiff has suffered, and the only future harm that delayed relief may risk, is the minor 'annoyance' of receiving an unsolicited text message."); *Frey v. Frontier Utilities Ne. LLC*, No. CV 19-2372, 2021 WL 322818, at *2 (E.D. Pa. Feb. 1, 2021) (granting the stay and noting that "the Supreme Court held oral argument in *Facebook* over a month ago, suggesting that the stay will not be in effect for more than a few months."); *Wilson*, 2021 WL 347306, at *2 (granting the request for a stay, holding that the risk of prejudice to Plaintiff is minimal because the duration of the stay is "reasonably determinate [because] [u]nder the Supreme Court's customary practice, a decision in *Duguid* will likely be issued by the end of this summer.").

Plaintiff also contends that "a stay may result in the loss or destruction of evidence[.]" (Pl.'s Resp. at p. 8, PgID 78.) However, this alleged "harm" is purely speculative and unfounded. Defendant, on the other hand, has a substantial interest in avoiding unnecessary discovery and its associated costs in this purported national class action case that may be subject to dismissal, or at least streamlined, based on the Supreme Court's impending decision. *See Wilson*, 2021 WL 347306, at *2 ("Defendants' interest in avoiding potentially unnecessary litigation and discovery is consistent with the Court's interest in preserving judicial resources and efficiency."); *Ulery v. AT&T Mobility Servs., LLC*, No. 20-02354, 2020 WL 7333835 (D. Colo. Dec. 12, 2020) (holding that there is no evidence that the plaintiff would be prejudiced by the stay, but the defendant could be prejudiced by engaging in discovery at this time, and judicial economy will be enhanced by granting the stay because the Supreme Court's decision is likely to simplify critical legal issues at the heart of the case). In any event, the parties may move to lift the stay for good cause in the event a ruling by the Supreme Court is delayed.[2]

---

[2] Plaintiff argues that "grants of certiorari do not themselves change the law," and thus should not be used as the basis for granting a stay. (Pl.'s Resp. at p. 9, PgID 79.) However, as Defendant acknowledges in its reply brief, it is aware that grants of certiorari do not change the law; rather, "[i]t is the Supreme Court's impending decision that will change the law by resolving a circuit court split[.]" (Def.'s Reply at p. 7, PgID 94.)

## IV.   CONCLUSION

For all the reasons discussed above, and considering the interests of justice, competing equities, and likely limited duration of the stay, the Court exercises its discretion, **GRANTS** Defendant's Motion for Stay (ECF No. 13), and **STAYS** this case pending resolution of *Facebook v Duguid*, No. 19-511, by the United States Supreme Court.

It is further **ORDERED** that the parties shall file a joint status report, within 14 days after the Supreme Court issues its decision in *Facebook v. Duguid*, that proposes a schedule for further proceedings.

IT IS SO ORDERED.

Dated: March 16, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge