UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE M. BARRY individually
and on behalf of all others similarly
situated,

              Plaintiff,

v.

ALLY FINANCIAL, INC.,

              Defendant,
_____/

Case No. 20-12378

Paul D. Borman
United States District Judge

## ORDER LIFTING STAY AND ORDERING PLAINTIFF TO SHOW CAUSE

This is a putative national class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. On March 16, 2021, the Court granted Defendant's Motion to Stay the proceedings pending the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, No. 19-511. (ECF No. 26.) That Order required the parties to file a joint status report within 14 days of the Supreme Court's ruling in *Duguid* that proposes a schedule for further proceedings. (*Id.*)

On April 1, 2021, the United States Supreme Court issued its decision. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), to address the issue of whether

1

the definition of an automatic telephone dialing system ("ATDS") in the Telephone Consumer Protection Act of 1991 ("TCPA") encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator." *Id.* at 1167. The Supreme Court held that it does not, and that:

> To qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

*Id.*

On April 15, 2021, the parties filed a Joint Status Report, stating that they "disagree over the impact of the *Duguid* decision has on this case," and thus seek to lift the stay and proceed with the litigation. (ECF No. 27, Joint Status Report.)

Plaintiff's sole claim in this case is that Defendant violated the TCPA's prohibition on "using any [ATDS]" to call or text "any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A). (Compl., Count I, PgID 7-8.) She bases her claim on phone calls she received that were unsolicited but nonetheless directed to her, on behalf of her brother. (*Id.* ¶¶ 15-24, PgID 2-3.) Plaintiff alleges that Defendant used an ATDS based on "the lack of prompt human response during the phone calls" and a "lengthy pause after the called party speaks." (*Id.* ¶¶ 51-52, PgID 7.) Plaintiff does not allege that Defendant used a random or

2

sequential number generator. Because the calls were directed to Plaintiff specifically and purposefully, related to her brother's account with Defendant, the Court can only conclude that the technology that called her used a stored list containing the names and numbers of persons to be contacted; had the technology generated Plaintiff's number at random or in sequence, it would have no way of knowing that it was contacting someone associated with an account holder.

The Court hereby LIFTS the stay in this case.

Further, Plaintiff is ORDERED to show cause on or before **April 30, 2021** why the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) is not controlling over Plaintiff's claims in this case.

Defendant may file a response to the Plaintiff's submission on or before **May 14, 2021**.

IT IS SO ORDERED.

Dated: April 15, 2021

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

3